**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No. 18-CR-00266-PAB

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1.  JOANNA ZARATE-SUAREZ,
2.  EDWIN ROMAN-ACEVEDO, and
3.  CHRISTINA FITZGERALD,

       Defendants.

_____

**GOVERNMENT'S UNOPPOSED MOTION FOR PROTECTIVE ORDER FOR
JENCKS ACT, RULE 26.2, RULE 49.1, AND RULE 16 MATERIAL**
_____

THE UNITED STATES OF AMERICA, by United States Attorney Robert C. Troyer, through the undersigned Assistant U.S. Attorney, hereby respectfully enters the Government's Motion for an order, pursuant to Fed.R.Crim.P. 16(d), Rule 26.2, Rule 49.1, and the All Writs Act at Title 28 U.S.C. § 1651, protecting 18 U.S.C. § 3500 Jencks Act material, Rule 26.2, Rule 49.1, and Rule 16 material disclosed in the above referenced case from unauthorized circulation, publication and duplication (Motion). Government counsel has been in communication with the attorneys for the above captioned defendants in this case and can advise the Court that the defense attorneys are not opposed to this Motion. As grounds therefor, the Government states and represents to the Court as follows:

1

1.      The Government respectfully asks the Court to take judicial notice of the contents of its own files in relation to this case.

2.      The Government believes pretrial disclosure is generally helpful to the reasonable resolution of many cases, but feels certain material needs to be protected from potential abuse.   Although pretrial disclosure of Jencks Act material and Rule 26.2 material is not required by Fed.R.Crim.P. 16, the disclosure of some such material before trial may facilitate the resolution of the present case by trial or by plea agreement.   Subject to the entry of a protective order, the Government plans to disclose an extensive amount of material to the defense in the next few weeks.   The Government does reserve the right to limit the disclosure of material pursuant to the terms of Rule 26.2 and the Jencks Act, in part to avoid controversy and sanctions from any inadvertent omission.

3.      The Government has developed or acquired, and may in the future develop or acquire, documentary material (the media by means of which Jencks Act, Rule 26.2, and Rule 16 material may be disclosed may include electronically formatted audio files, video files, images, documents, digital files, and pictures) concerning persons who may become witnesses in this case.   Examples of such material would include photographic records of a person who may become a witness and NCIC records and other records including potential contact information or personal identifying information of one or more persons who may become a witness.   Jencks Act material would also include some reports detailing the statements of one or more witnesses, potentially including statements or reports of statements reflecting debriefing with law

enforcement investigators. Such statements arguably would be subject to disclosure at the time of trial, if the witness(es) concerned were called to testify, pursuant to the Jencks Act, at Title 18 U.S.C. § 3500, and Fed. R. Crim. P. 26.2. *See also United States v. Ruiz*, 536 U.S. 622, 631-32 (2002)(upholding the right of the Government to withhold confidential informant information in the context of plea bargaining before trial).

4.      In order to expedite the progress of this case, the Government asks the Court for a protective order imposing requirements of care and control as to certain documents in order to serve the purposes of the Jencks Act at Title 18 U.S.C. § 3500, Rule 26.2, Rule 1, Rule 49.1, Rule 16 and *Ruiz.* The valid public policy purposes served by the Jencks Act include permitting the Government to develop an investigation without the premature disclosure or publication of information concerning the direction of the investigation and the protection of witness information from abuse.

5.      The Government is concerned with precluding the unwarranted publication of information about persons assisting law enforcement, to include the possible publication or distribution of audio files, video files, a photograph or addresses, dates of birth, residential information, or Social Security information concerning a person or persons cooperating with law enforcement by means of the internet or any other means of publication or distribution outside of the official use of material for purposes directly related to the orderly development of this case. The publication of certain documentary material in the past has been known, upon occasion, to produce an inflammatory reaction among persons involved in a culture of criminal activity. The Government has discovered that "seeing it in writing" may result in a negative and sometimes destructive

3

reaction on the part of certain individuals directed at persons believed to be Government informants, Government witnesses, or persons otherwise cooperating with law enforcement. The unregulated circulation of such documents, files or photographs would not serve the public interest. The general public availability of a photograph, for example, of a person accused of assisting law enforcement may increase the level of risk for such a person by enabling strangers to identify such a person. Similarly, specific personal identifying information normally contained in an NCIC/CCIC report or other records might result in some form of identity theft or some other form of abuse unless the uses of such records are regulated by protective order.

6.       In order to reduce the complications that may flow from pretrial disclosure of Jencks Act material, Rule 26.2 information, and certain Rule 16 material, the Government respectfully asks the Court for an order limiting the circulation of Jencks Act material and Rule 26.2 material or information, such as witness statements or reports of witness statements, and Rule 16 material, including any photographs, video files, audio files, and personal identifying information such as NCIC/CCIC reports, dates of birth, home addresses, contact information, or Social Security information released before trial by the Government.

7.       The Government respectfully asks the Court to limit the use of such material by the defense to pretrial preparations and official judicial proceedings specifically involving the pending criminal case of the above named defendant in the United States District Court for the District of Colorado, to include any appeal. The Government does not object to the named defendant's being permitted to read or

review the Jencks Act, Rule 26.2, and Rule16 material; however, the Government requests that sensitive Jencks Act material and Rule 26.2 material, and personal identifying information of witnesses, to include witness statements or reports of debriefings, statements by witnesses or persons assisting law enforcement, and any pictures of such persons, shall remain at all times in the positive control of the attorney for the defendant or a member of the defense attorney's confidential staff, a professional defense investigator working with the defense attorney, a confidential assistant employed by the defense attorney, or an official in any detention facility where the defendant is held pursuant to order of court.   In the event that the defendant remains in custody of the U.S. Marshal pending the outcome of his case, the Government requests authorization to coordinate with the U.S. Marshal and the defense so that, to extent such arrangement are available and reasonable, the defendant may have access to electronically stored information in a read-only format under the control and supervision of the responsible custodial representative of the U.S. Marshal.   Such Jencks Act material, audio files, video files and photographs of persons should not be entrusted to the exclusive custody and control of the defendant.     Similarly, the Government asks the Court to direct that custody of records showing personal identifying information or contact information of witnesses disclosed to the defense, such as any NCIC/CCIC reports relating to witnesses, be maintained in the same way.

8.     It is further requested that, at the conclusion of the case, the described Jencks Act material, including but not limited to NCIC/CCIC reports, and any

photographs   be properly disposed of by the defense or be returned to the United States Attorney's Office.

9.     The Government believes the defense will understand the basis for the Government's concerns and does not anticipate confusion regarding the status of documents disclosed before trial.   The Government proposes that, if the parties cannot agree as to whether some specific document falls within the proposed protective order or should be exempt from the protective order, the defense or the Government will bring the disputed issue regarding specific arrangements or documents to the Court for further consideration.

Respectfully submitted this _7th_ day of June 2018.

Robert C. Troyer
United States Attorney


/s_Guy Till_____
BY: GUY TILL
Assistant United States Attorney
U.S. Attorney's Office
1801 California Street, # 1600
Denver, CO 80202
303-454-0100
Guy.Till@usdoj.gov

CERTIFICATE OF SERVICE

I certify that on the _7th_ day of June 2018, a true and correct copy of the foregoing Government's Motion for Protective Order was served via ECF filing to the following counsel of record:

_s/David Vu_____
David Vu
Legal Assistant