IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 18-cr-00266-PAB-3

UNITED STATES OF AMERICA,

    Plaintiff,

v.

3.  CHRISTINA FITZGERALD,

    Defendant.

_____

### ORDER
_____

The matter before the Court is the Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Federal Sentencing Guidelilnes [sic] [Docket No. 471], filed by defendant Christina Fitzgerald.[1]  The government responded. Docket No. 479.

On August 6, 2018, Ms. Fitzgerald pled guilty to one count of possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii).  Docket No. 82 at 2.  On November 15, 2019, the Court sentenced Ms. Fitzgerald to 113 months imprisonment, the statutory minimum, followed by 5 years of supervised release.  Docket No. 447 at 2.  At sentencing, the Court found the total offense level to be 33 and determined Ms. Fitzgerald's Criminal History Category to be IV, which resulted in a sentencing range of 188 to 235 months imprisonment.  *See*

---

[1] Because Ms. Fitzgerald is proceeding pro se, the Court construes her filings liberally without serving as her advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Docket No. 437 at 12, 16. Ms. Fitzgerald is currently incarcerated at FMC Carswell, an administrative security federal medical center in Texas with an adjacent minimum security satellite camp. *See* Federal Bureau of Prisons, *Inmate Locator*, https://www.bop.gov/inmateloc/. Ms. Fitzgerald's projected release date is July 26, 2027. *Id*.

On February 1, 2024, Ms. Fitzgerald filed a pro se motion for a reduction in her sentence based on Amendment 821 to the Sentencing Guidelines. Docket No. 471. The government filed a response opposing Ms. Fitzgerald's motion on August 23, 2024. Docket No. 479.

Generally, a federal court may not alter a term of imprisonment once it has been imposed. *See Dillon v. United States*, 560 U.S. 817, 824 (2010); 18 U.S.C. § 3582(c). However, under 18 U.S.C. § 3582(c)(2), a court may reduce a defendant's sentence when the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) "establishes a two-step inquiry." *Dillon*, 560 U.S. at 826. "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in [USSG] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.*

On November 1, 2023, the Sentencing Commission adopted Amendment 821 to the Sentencing Guidelines in order to "make[ ] targeted changes to reduce the impact of providing additional criminal history points for offenders under a criminal justice sentence (commonly known as "status points"), to reduce recommended guideline ranges for offenders with zero criminal history points under the guidelines ("zero-point offenders"), and to recognize the changing legal landscape as it pertains to simple possession of marihuana offenses." *See* U.S.S.G., Supp. to App. C., Amend. 821 (U.S. Sentencing Comm'n 2023). Before November 2023, the Sentencing Guidelines assessed two criminal history points, known as "status points," for an offense committed "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." *United States v. Espinoza-Pena*, 2024 WL 1675672, at *1 (D.N.M. Apr. 18, 2024) (citing U.S.S.G. § 4A1.1(d) (2022)). In Part A of Amendment 821, the Sentencing Commission altered the "status points" provision such that a person who has seven or more criminal history points now receives only one additional "status point," instead of two. *Id.* In addition, a person with six or fewer criminal history points now receives no status points. *Id.* Amendment 821 applies retroactively. *Id.*; *United States v. Stites*, 2024 WL 3535120, at *1 (D. Kan. July 24, 2024).

Ms. Fitzgerald maintains that Part A of Amendment 821 altered her sentencing guideline range by reducing her status points. *See* Docket No. 471 at 1. The government agrees that Amendment 821 applies to Ms. Fitzgerald, but disputes that it alters her guideline range. Docket No. 479 at 1. The Court finds that Ms. Fitzgerald's total criminal history points have changed from 9 to 8 through the retroactive application

of Amendment 821.  Ms. Fitzgerald received 7 criminal history points for offenses committed between 2010 and 2016.  *See* Docket No. 437 at 13–16.  She further received a two-level enhancement for committing the offense in this case while under a criminal justice sentence.  *Id.* at 16.  Amendment 821 modifies this two-level enhancement to a one-level enhancement, resulting in 8 total criminal history points.  However, Ms. Fitzgerald's Criminal History Category remains IV, which applies to defendants with 7, 8, or 9 criminal history points.  *See* U.S.S.G. ch. 5, pt. A (2023).  Accordingly, Ms. Fitzgerald's amended guideline range is 188 to 235 months.  *Id.*  This is the same guideline range that applied at sentencing.  Moreover, Ms. Fitzgerald was sentenced below the guideline range to 113 months imprisonment.  Docket No. 447 at 2.  Accordingly, the Court finds that Amendment 821 does not make Ms. Fitzgerald eligible for a reduction in her sentence.

For the foregoing reasons, it is

**ORDERED** that the Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Federal Sentencing Guidelilnes [sic] [Docket No. 471] is **DENIED**.  It is further

**ORDERED** that the motion for a status on Ms. Fitzgerald's motion for a sentence reduction [Docket No. 474] is **DENIED as moot**.

DATED January 10, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge